## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KENNETH TAYLOR, Ph.D.,   )
           )
    **Plaintiff,**   )
           )
    **v.**      )   **Civil No: 13-cv-1998-PWG**
           )
SECRETARY KATHLEEN SEBELIUS )
U.S. DEPARTMENT OF HEALTH  )
AND HUMAN SERVICES,   )
           )
    **Defendant.**  )
_____)

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS,
## OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### INTRODUCTION

In this employment discrimination case, Plaintiff Kenneth Taylor, Ph.D., a 49 year-old

Chemist employed by the Food and Drug Administration of the Department of Health and

Human Services (HHS), alleges that he suffered unlawful discrimination on the basis of his age

and unlawful retaliation for his engaging in EEO activity by asserting complaints of

discrimination.  Plaintiff Taylor also alleges that he suffered from a hostile work environment

because of his age.

Plaintiff's Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim.  Alternatively, the Court should dismiss this matter pursuant

to Fed. R. Civ. P. 56.  As explained herein, Plaintiff is unable to establish a *prima facie* case of

age discrimination, there is no nexus between Plaintiff's engaging in EEO activity and any of the

alleged adverse actions he endured, and the alleged hostilities suffered by Plaintiff do not rise to

the level of severity or pervasiveness necessary to establish a hostile work environment under the law of this Circuit.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff, who began working for the Agency as a Chemist in 2001, was between 46 and 47 years-old during the events described in his Complaint. *See* ECF-1 at ¶¶ 11-13, 20-59. Although hired in 2001, the first occasion on which Plaintiff alleges any discriminatory treatment was on March 14, 2011, when his second-line supervisor, Daniel Fabricant, age 36, made two comments considered by Plaintiff to be derogatory on the basis of age: "You have a problem with age," and "someone who has been around as long as you should have ideas." *Id.* at ¶¶ 22-25. The Complaint provides no context as to these alleged remarks. Next, Plaintiff complains that on July 20, 2011, Mr. Fabricant, who had become Plaintiff's first-line supervisor two days prior, sought to schedule a meeting on Plaintiff's telecommuting day. *Id.* at ¶¶ 17, 26-27. Then, Plaintiff alleges that over the next three months – up until October 31, 2011 – Mr. Fabricant scheduled team meetings at times that were either on Plaintiff's telecommuting day or scheduled to begin 15 minutes prior to Plaintiff's typical 9:15 a.m. arrival time. *Id.* at ¶¶ 28-32. Plaintiff also alleges that he was assigned duties inconsistent with his position during this time period, and that his supervisor refused to provide supervisory concurrence for a detail position for which Plaintiff sought to apply. *Id.* at ¶¶ 35-44.

On October 31, 2011, Plaintiff sought informal counseling with the Agency's Office of Equal Opportunity and Diversity Management regarding complaints of age discrimination. *Id.* at ¶ 61. This resulted in the filing of a formal complaint of discrimination in which Plaintiff alleged discrimination on the basis of age, retaliation (for alleged adverse actions that occurred after his

informal counseling session), and a hostile work environment. *Id.* at ¶ 62. Plaintiff filed his formal complaint of discrimination on or about December 12, 2011, and amended it on or about March 13, 2012. *Id.* at ¶¶ 20, 62-63.

In his Complaint, Plaintiff alleges five incidences that occurred after he engaged in EEO activity regarding his complaints of discrimination. First, Plaintiff alleges that on January 24, 2012, Mr. Fabricant sent an email to a team of employees with the intent to publicly embarrass him for an alleged mistake Plaintiff had made on a work assignment. *Id.* at ¶¶ 45-49. Second, Plaintiff alleges that on January 27, 2012, Mr. Fabricant required Plaintiff to meet with him "one-on-one without a witness in the room" despite Plaintiff's request for a witness to be present. *Id.* at ¶¶ 50-55. Third, Plaintiff alleges that he was denied selection for an Acting Team Leader position. *Id.* at ¶¶ 55-56. Fourth, on February 27, 2012, Plaintiff alleges that Mr. Fabricant "allowed Corey Hilmas, an employee in his thirties to yell at Taylor unjustifiably during a team meeting," and that Mr. Fabricant favored Hilmas over Taylor with respect to assignments. *Id.* at ¶¶ 57-58. Finally, Plaintiff alleges that between February 24 and February 29, 2012, Mr. Fabricant assigned Plaintiff a data mining assignment that Plaintiff considered "outside of [his] responsible duties." *Id.* at ¶ 59.

The Agency conducted an investigation of Plaintiff's formal complaint of discrimination from February 24, 2012 to May 18, 2012. *See* Ex. 1, Investigative Report at 2. Plaintiff withdrew his request for an EEOC hearing on January 23, 2013, and on March 25, 2013, the EEOC Administrative Judge remanded the case to the Agency for a final agency decision. *See* ECF-1 at ¶¶ 65-66. On April 16, 2013, the Agency issued its final decision, dismissing the complaint. *See* Exhibit 2. Plaintiff filed the instant lawsuit on July 10, 2013.

**STANDARD OF REVIEW**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of plaintiff's complaint. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). While Fed. R. Civ. P. 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief," it still requires a "*showing* rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007) (emphasis added). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must consist of at least "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679. "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* While a court must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999), a court need not accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Fed. R. Civ. P. 56(b) provides that a party against whom a claim is filed "may, at any

time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the is no genuine issue as to any material fact." Fed. R. Civ. P. 56(a). The mere existence of some alleged factual dispute in the case will not defeat an otherwise properly supported summary judgment motion. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986). Summary judgment is warranted if there is no genuine dispute of material fact and, as a matter of law, the moving party is entitled to a judgment. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1984).

An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" if it has the potential to affect the outcome of the case under the applicable legal standard. *Anderson,* 477 U.S. at 248.

The moving party's burden of proving that there are no genuine facts in dispute may be met by consideration of affidavits, exhibits, depositions, and other discovery materials. Fed. R. Civ. P. 56; *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). However, the moving party will be granted summary judgment if, with or without these accompanying materials, it demonstrates that summary judgment is appropriate. *Celotex v. Catrett,* 477 U.S. at 327 (summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"). Once the moving party presents a properly supported motion for summary judgment, it is the non-moving party's burden to set forth specific facts, through affidavits or other evidence, that there is a genuine issue for trial. Fed. R.

Civ. P. 56. This burden is "particularly strong when the non-moving party [also] bears the burden of proof." *Caussade v. Brown*, 924 F. Supp. 693, 696 (D. Md. 1996) (citations omitted). Furthermore, the non-moving party "cannot create a genuine issue through mere speculation or the building of one inference upon another." *Id.* at 696-97 (citing *Beale v. Hardy*, 769 F.2d 2213, 2214 (4th Cir. 1985)).

In the employment discrimination context, "a subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." *Moore v. Reese*, 817 F. Supp. 1290 (D. Md. 1993) (citations omitted). Summary judgment will be appropriate when the plaintiff fails to present a *prima facie* case, or when the plaintiff fails to establish a genuine issue of material fact in connection with the employer's legitimate non-discriminatory reason for its actions. *See Mitchell v. Data General Corp.*, 12 F.3d 1310, 1318 (4th Cir. 1993).

## ARGUMENT

### I. THE MAJORITY OF PLAINTIFF'S CLAIMS DO NOT CONSTITUTE ADVERSE ACTIONS.

The Age Discrimination in Employment Act of 1967, as amended, ("ADEA") makes it unlawful for an employer to discriminate against any individual on the basis of age, but limits its protection to persons at least 40 years old. 29 U.S.C. §§ 623(a)(1), 633a(a). Complaints brought pursuant to the ADEA place the initial burden of establishing a *prima facie* case of discrimination on the plaintiff. *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). Specifically, a plaintiff must establish by the preponderance of the evidence that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) employees outside of his protected class were treated more favorably under similar circumstances giving rise to an inference of discrimination. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996). Similarly when

establishing a *prima facie* case for demonstrating a case of retaliation, after showing that a plaintiff engaged in a protected activity, the plaintiff must show that he has suffered an adverse employment action, and that it was causally related to his engaging in EEO activity. *See, eg., Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994); *Williams v. Cerebronics, Inc.,* 871 F.2d 452, 457 (4th Cir. 1989); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1988).

Under the discrimination laws, "[A]n adverse employment action is a discriminatory act that adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc.,* 487 F.3d 208, 219 (4th Cir. 2007) (internal quotation omitted). Importantly, "[A]n action that merely causes an employee irritation or inconvenience, but does not affect a term, condition, or benefit of her employment, is not an adverse employment action." *Spriggs v. Public Serv. Comm'n of Maryland,* 197 F. Supp. 2d 388, 393 (D. Md. 2002). The Fourth Circuit has explained that "in a discrimination case, our precedent mandates that the plaintiff has the higher burden of showing an ultimate employment action that affects hiring, granting leave, discharging, promoting, and compensating." *Brockman v. Snow*, 217 F. App'x 201, 205 (4th Cir. 2007) (*quoting Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981)). Further, Plaintiff must provide evidence of circumstances surrounding the alleged wrongful conduct "that credibly raises an inference of unlawful discrimination." *Ennis v. Nat'l Ass'n of Bus. and Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

In his Complaint, Plaintiff alleges that he suffered several discriminatory adverse actions, including the scheduling of team meetings at times that conflicted with his telecommuting schedule or general work hours, the assignment of duties that Plaintiff considered to be below his position, public embarrassment through the sending of an email, and the denial of the ability to have a witness present with him at a one-on-one meeting with his supervisor. *See generally*,

ECF-1.  The Court should dismiss all of these claims as the alleged actions amount to general

inconveniences that are not "adverse actions" recognizable under the law of this Circuit.  Thus,

Plaintiff cannot sustain a *prima facie* case of age discrimination because he cannot prove that any

of the alleged wrongful conduct was an adverse employment action or that it occurred under

circumstances giving rise to an inference of discrimination.[1]

### a.  Plaintiff's Telecommuting and Tour of Duty Schedule Allegations

As an example of an "adverse employment action" that was suffered by Plaintiff as a

result of his age, Plaintiff alleges that "From July 20, 2011 to October 31, 2011" he was "forced

to alter his work hours and telecommuting schedule to accommodate meetings set by [Mr.]

Fabricant."  *See* ECF-1 at ¶ 28.  He also alleges that Mr. Fabricant scheduled meetings on

Plaintiff's regular telework day, and that his supervisor required him to meet with him without a

witness.  *Id.* at ¶¶ 30-32, 50-55.

Aside from the fact that there is absolutely no correlation to show that any of these issues

developed as a result of animus based on age (i.e., there is no inference of unlawful

discrimination), these changes experienced by Plaintiff do not constitute adverse employment

actions.  The changing of a telecommute schedule and the scheduling of meetings are wholly

within the discretion of a supervisor, and these do not constitute "ultimate" employment actions

such as hiring, firing, promoting, or compensating.   That Plaintiff had to switch his telecommute

day to attend a meeting or arrive 15 minutes earlier for work on a few occasions amounts to a

mere irritation or inconvenience that does not affect a term, condition, or benefit of his

employment.  *See, e.g., Parsons v. Wynne,* 221 F. App'x 197, 198 (4th Cir. 2007) (removal from

alternative work schedule not a material adverse action); *Edmonson v. Potter*, 118 F. App'x 726,

---

[1] For purposes of this motion, Defendant does not challenge Plaintiff's qualifications for the
position, the second prong of the *prima facie* case.

729 (4th Cir. 2004) (denials of requests for temporary schedule changes did not affect a term, condition, or benefit of employment); *Thorn v. Sebelius*, 766 F. Supp. 2d 585, 603 (D. Md. 2011) (change in ordinary schedule and revised tour of duty not an adverse action); *Ward v. Johns Hopkins University*, 861 F. Supp. 367, 377 (D. Md. 1994) (less favorable assignments in the "dirtier" part of the basement not adverse action); *Thomas-Bagrowski v. LaHood*, 361 F. App'x 694, 698 (7th Cir. 2010) (government agency did not take a materially adverse action by declining to approve a telecommute request); *Bright v. Copps,* 828 F. Supp. 2d 130, 148-49 (D.D.C. 2011) (calling federal employee in on telecommute day is not an adverse action); *Allen v. Napolitano*, -- F. Supp. 2d --, 2013 WL 1859286 *2 (D.D.C. May 6, 2013) (employee's non-invitation to meetings that she preferred to attend did not constitute tangible harm of an adverse action).

Plaintiff's claims that Mr. Fabricant required him to attend meetings on his regularly scheduled telecommute day or come in 15 minutes earlier for a team meeting are allegations consistent with those that courts in this circuit have already rejected. *See Parsons*, 221 F. App'x at 198; *Edmonson,* 118 F. App'x at 729; *Thorn,* 766 F. Supp. 2d at 603; *Ward,* 861 F. Supp. at 377. Accordingly, these claims do not constitute adverse actions and Plaintiff fails to establish a *prima facie* case. The claims must be dismissed. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1318 (4th Cir. 993) ("Because Mitchell failed to establish a *prima facie* case" under the ADEA . . . we affirm the district court's summary judgment order.).

### b. Plaintiff's Assignment of Duties Allegations

Plaintiff claims that during a three month period from August 2011 to October 2011, he was assigned duties that were not consistent with his expertise such as "receipt dating, assigning invoice numbers, entering requests into a database" and other duties. *See* ECF-1 at ¶¶ 35-37.

While he claims that these assignments were due to discrimination on the basis of his age, he also claims that other assignments given to him in February 2012 (*Id.* at ¶ 59) , where he was assigned to "data mine electronic files of documents" were also inconsistent with his expertise but were given to him in retaliation for his engaging in protected EEO activity.  First, Plaintiff can show no nexus that either of these events raise an inference of unlawful discrimination.  Second, Plaintiff can show no "causal connection" between his engaging in EEO activity in October 2011, and the assignments given to him between February 24 and February 29, 2012 that raise an inference of unlawful retaliation.  In any event, the general claim that his supervisor assigned him different duties does not constitute an adverse employment action, and this is fatal to his claim.  *See, e.g., James v. Booz-Allen & Hamilton, Inc.,* 378 F.3d 371, 376 (4th Cir. 2004) ("The mere fact that a new job assignment is less appealing to the employee, however, does not constitute adverse employment action.").  As the Court in *James* indicated, "A reassignment can only form the basis of a valid [discrimination] claim if the plaintiff can show that the reassignment had some significant detrimental effect."  *Id., quoting Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999). "[A]bsent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position."  *Id.* at 256-57.

In this case, Plaintiff alleges that his assignment of duties for one three-month stretch in 2011, and a six-day stretch in 2012 constitutes adverse employment actions.  However, Plaintiff has not alleged – and cannot credibly allege – that these assignments, even if below his pay grade, had a "significant detrimental effect" that rises to an adverse employment action.  *See, e.g., Grimsley v. Marshalls of MA, Inc.,* 2008 WL 2435581, at *4 (11th Cir. June 17, 2008)

(holding that the temporary assignment of additional tasks, without a change in compensation or position, did not amount to an adverse action); *Davis v. U.S. Postmaster General*, 190 F. App'x 874, 876 (11th Cir. 2006) (same); *see also McCants v. AT & T Corp.* 2005 WL 3071840 *2 (E.D. Mich. Nov 14, 2005) (assignment of clerical tasks did not constitute a material adverse action).

Plaintiff's claims regarding assignment of duties are akin to those that the Fourth Circuit and other courts have soundly rejected. *See James,* 378 F.3d at 376; *Boone*, 178 F.3d at 256; *Davis*, 190 F. App'x at 876. Accordingly, these claims do not constitute adverse actions and must be dismissed. *Mitchell v. Data General Corp.*, 12 F.3d at 1318.

### c. Plaintiff's Chastizing Email, Public Embarrassment Allegations

Plaintiff also claims that his supervisor, Mr. Fabricant, publicly embarrassed him through an email he sent to the team about a work assignment in which Plaintiff allegedly erred, and by allowing a younger worker to "unjustifiably" yell at him during a team meeting. *See* ECF-1 at ¶¶ 45-49, 57-58. However, "Actions that cause a plaintiff 'embarrassment or anxiety' are insufficient to qualify as an adverse action because 'such intangible consequences are not materially adverse alterations of employment conditions.' *Eldridge v. Rochester City School Dist*., -- F. Supp. 2d --, 2013 WL 5104279 (W.D.N.Y. Sept 13, 2013) (*quoting Miksic v. TD Ameritrade Holding Corp*., 2013 WL 1803956, *3 (S.D.N.Y. 2013); *Totten v. Norton*, 421 F. Supp. 2d 115, 121 (D.D.C. 2006) ("Courts in this Circuit ... have held that purely psychic injuries such as embarrassment do not qualify as adverse actions for purposes of federal anti-discrimination statutes.") (internal citations omitted); *Johnson v. Bolden*, 699 F. Supp. 2d 295, 299–300 (D.D.C. 2010) ("Our Circuit has made clear that the harm must be 'objectively tangible' rather than 'purely subjective injuries' ... not everything that makes an employee unhappy is an actionable adverse action.") (citations omitted).

Plaintiff's allegations that he was the subject of an embarrassing email and that a coworker yelled at him are precisely the type of embarrassment/anxiety issues that other courts have rejected because they were not materially adverse actions.  *See Totten,* 421 F. Supp. 2d at 121; *Johnson*, 699 F. Supp. 2d at 299-300; *Eldridge*, 2013 WL5104279.  Accordingly, these claims fail to satisfy the *prima facie* case and should be dismissed.[2]

### d.  Plaintiff's Alleged Inference of Discrimination

In an attempt to show that some of the alleged adverse actions were connected to an animus on the part of his supervisor, Mr. Fabricant, Plaintiff alleges that Mr. Fabricant made two "derogatory comments" to Plaintiff regarding his age.  Plaintiff alleges that on March 14, 2011, Mr. Fabricant "stated words to the effect of, 'You have a problem with age,' . . .  [and] 'someone who has been around as long as you have should have ideas.'"  *See* ECF-1 at ¶¶ 22-24.  The Court should ignore these references for several reasons.

First and foremost, the alleged comments were not timely raised by Plaintiff.  When complaining of discrimination, an employee of the Federal government must consult an EEO counselor within 45 days of the allegedly discriminatory action, and failure to make timely EEO contact precludes an employee from maintaining a discrimination suit against the government for actions occurring prior to the 45 days.  *Zografov v. Va. Medical Center*, 779 F.2d 967, 970 (4th Cir. 1985); *Blount v. Shalala*, 32 F. Supp. 2d 339, 341 (D. Md. 1999); 29 C.F.R. § 1614.105(a)(1).

Although a complainant's failure to make this contact within the 45-day window is

---

[2] Another claim made by Plaintiff is that Mr. Fabricant "refused to provide his supervisory concurrence" for a detail position he applied for in August 2011.  *See* ECF-1 at 38-44.  Notably, Plaintiff does not allege that he should have been selected for this detail or that he was more qualified than the selectee.  *Id.*  Plaintiff merely alleges that Fabricant "refused to provide his supervisory concurrence."  *Id.* No injury is alleged with respect to this claim, and therefore Plaintiff fails to state a claim upon which relief may be granted.

"tantamount to failure to timely exhaust all administrative remedies," *Blount v. Dep't of Health & Human Servs.*, 400 F. Supp. 2d 838, 841 (D. Md. 2004), it is not a jurisdictional requirement. *Zografov*, 779 F.2d at 969. As such, a motion to dismiss challenging the timeliness of the employee's charge falls under Rule 12(b)(6). *E.E.O.C. v. AMX Communications*, Ltd., Civil No. WDQ–09–2483, 2011 WL 3555831, at *3 (D. Md. Aug. 8, 2011). Courts "strictly adhere" to this time limit. *Khoury v. Meserve*, 85 F. App'x 960, 960 (4th Cir. 2004).

Here, the alleged comments attributed to Mr. Fabricant took place on March 14, 2011, but, by Plaintiff's own admission, he did not seek EEO counseling with an Agency EEO Counselor until October 31, 2011 – over seven months later. *See* ECF-1 at ¶¶ 22-24, 61. As a result, Plaintiff's claims regarding these allegedly discriminatory comments were not timely raised and must be dismissed.[3] *Zografov*, 779 F.2d at 969.

Second, even if the Court were to consider timely the comments allegedly made by Mr. Fabricant, they are not indicative of age animus. "Statements that merely make observations of a generational change without suggesting that older employees ought to be replaced by more youthful ones are not sufficient to infer discrimination." *Denio v. Asplundh Tree Expert Co*., 1996 WL 423125 (4th Cir. July 30, 1996). Fabricant's alleged reference to Plaintiff's years of experience is the sort of "observation of generational change" that the Fourth Circuit has found not to be indicative of age animus. Further, an isolated, nebulous comment of having "a problem with age" is not one that rises to a violation of the ADEA. *See, e.g., Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1025-26 ("isolated and ambiguous comments are too abstract, in addition to

---

[3] Plaintiff's claim regarding Mr. Fabricant's request that Plaintiff come in on his telecommute day on July 20, 2011 is also untimely because Plaintiff failed to see an EEO Counselor until October 31, 2011 – 102 days after the alleged discriminatory act occurred. *See* ECF-1 at ¶ 28. Similarly, Plaintiff's allegation that Mr. Fabricant would not provide supervisory concurrence for him to apply for a detail position is untimely because this action allegedly occurred in August 2011 (*See* ECF-1 at ¶¶ 38-43), and Plaintiff did not see an EEO Counselor until over two months later.

being irrelevant and prejudicial, to support a finding of age discrimination") (internal quotations omitted).

Finally, given the amount of time that passed from March 14, 2011 to the first alleged adverse action in July 2011 and others that allegedly occurred in 2012 the Court should find no connection to infer that adverse actions occurred *because of* a discriminatory animus held by Mr. Fabricant as reflected by comments allegedly made in March 2011. As the Court held in *Phelps*, because comments were made "nearly a year" before other events, the comments were unlikely to have influenced the adverse actions at issue. *Id.* at 1026. *See also Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511-512 (4th Cir. 1994) (in age discrimination case, statement that "there comes a time when we have to make way for younger people," uttered over two years prior to the plaintiff's discharge was so remote in time as to make its use "inappropriate.").

## II.     PLAINTIFF'S PROMOTION ALLEGATION FAILS TO STATE A CLAIM.

Plaintiff alleges that in January 2012, Mr. Fabricant notified Plaintiff that he selected Ramadevi Gudi for an Acting Team Leader position. *See* ECF-1 at ¶ 55. Plaintiff also notes that he had 11 years of FDA regulatory policy experience in dietary supplement work, whereas Ms. Gudi had 18 months of experience in the same area.[4] *Id.* at ¶ 56. However, in Count I of his Complaint, Plaintiff states that "Defendants' actions as described above, *with the exception of the selection of Ms. Ramadevi Gudi for the Acting Team Leader detail*, were based on his age." *Id.* at 71 (emphasis added). Accordingly, Plaintiff is not alleging that the selection of Ms. Gudi for the Acting Team Leader detail was because of his age. Regardless, since Ms. Gudi was actually more than ten years *older* than Plaintiff, any inference of discrimination is immediately rebutted.

---

[4] Notably, Plaintiff makes no claim in his Complaint that he was more qualified than Ms. Gudi for the position or that 11 years of FDA regulatory policy experience was a necessary or helpful pre-requisite for this temporary assignment. *See* ECF-1.

Nevertheless, in his Prayer for Relief, Plaintiff seeks "Full instatement [as] Acting Team Leader."  *See* ECF-1 at p.11.  Thus, it is presumed that Plaintiff is alleging that his non-selection for Acting Team Leader was in retaliation for his engaging in EEO activity.  This claim must be dismissed for failure to state a claim.

To bring a retaliation claim for failure to promote, Plaintiff must show that (1) he engaged in protected activity, (2) he suffered an adverse employment action at the hands of his employer; and (3) his employer took the adverse action because of the protected activity.  *See, e.g., Bryant v. Aiken Regional Medical Centers Inc.,* 333 F.3d 536, 543 (4th Cir. 2003).  Here, Plaintiff can establish that he sought EEO counseling on October 31, 2011, satisfying the first prong of the *prima facie* case.  Plaintiff fails to satisfy the other two prongs of the *prima facie* case.

First, the denial of a temporary assignment such as an "acting position" does not constitute an adverse action.  *See, e.g., Bruder v. Chu*, -- F. Supp. 2d --, 2013 WL 3722334 (D.D.C. July 17, 2013) ("Temporary designations do not constitute one of the 'terms, conditions, or privileges of employment' for an adverse action.") (*citing Stewart v. Evans*, 275 F.3d 1126, 1135 (D.C. Cir. 2002) (a temporary designation is not a term, condition, or privilege contemplated by Title VII, and denial or delay of such a designation cannot be a cognizable harm under Title VII).  As the court in *Bruder* held, "Therefore, denial of an acting position -- without showing some further harm -- does not by itself qualify as an adverse employment action." *Bruder*  at *6 (additional citations omitted).

Second, even if the Court found the denial of an acting team leader position to be an adverse action, there is absolutely no causal connection to show that the denial of the acting

position was *because of* the Plaintiff's engaging in protected EEO activity. While Plaintiff believes he was generally discriminated against because of his age, it defies credulity that his supervisor -- who allegedly held a discriminatory animus on the basis of age – would then retaliate against Plaintiff by selecting an employee who was more than ten years *older* than Plaintiff.[5]

## III. PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE SUMMARILY DECIDED IN THE AGENCY'S FAVOR

Plaintiff's remaining claim -- i.e., that he was subjected to a "hostile work environment in violation of the ADEA" (*See* ECF-1, Count III, pp. 10-11) -- should be summarily decided in the Agency's favor. The allegations asserted by Plaintiff, even if true, do not rise to the level of severe or pervasive conduct that would establish a hostile work environment.

To prove a claim of a hostile work environment in violation of the ADEA, Plaintiff must show that: "(1) the harassment was unwelcome; (2) the harassment was based on [age]...; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998); *Jackson v. State of Maryland*, 171 F. Supp. 2d 532, 541 (D. Md. 2001). As such, he must show that the challenged actions "permeate[d] the workplace with 'discriminatory intimidation, ridicule, and insult'" in order to establish a *prima*

---

[5] To the extent the Court finds that Plaintiff can establish a *prima facie* case that Plaintiff's supervisory retaliated against him by selecting Dr. Gudi for the Acting Team Leader position, Plaintiff nevertheless would fail to rebut Defendant's legitimate, nondiscriminatory reasons for selecting Dr. Gudi. Mr. Fabricant selected Dr. Gudi on the basis of her pharmacology/toxicology experience and her management experience, both of which far exceeded the experience possessed by Plaintiff. *See* ROI at100, 123-24, 197-206, 209. Conversely, Plaintiff was not a trained toxicologist, he did not have Dr. Gudi's experience conducting safety reviews, and, in Mr. Fabricant's judgment, Dr. Gudi possessed the appropriate matrix of skills for the position given her prior experience serving in team leadership positions. *Id.* at 101, 124, 186-196, 209. Thus, as Plaintiff fails as a matter of law to establish that these reasons are pretextual or that intentional discrimination occurred, this Court may alternatively grant Defendant summary judgment. *See Williams v. Cerebronics, Inc*., 871 F.2d 452, 456 (4th Cir. 1989).

*facie* case of such harassment. *Alexander v. U.S. Dep't of Vet. Affairs*, Civ. No. DKC 10–3168,

2012 WL 78874, at *5 (D. Md. Jan. 10, 2012) (quoting *Morgan*, 536 U.S. at 116). The Fourth

Circuit has explained that

> plaintiffs must clear a high bar in order to satisfy the severe or pervasive test.
> Workplaces are not always harmonious locales, and even incidents that would
> objectively give rise to bruised or wounded feelings will not on that account satisfy
> the severe or pervasive standard. Some rolling with the punches is a fact of
> workplace life. Thus, complaints premised on nothing more than rude treatment by
> [coworkers], callous behavior by [one's] superiors, or a routine difference of
> opinion and personality conflict with [one's] supervisor, are not actionable under
> Title VII.

*EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008) (internal quotation

marks and citations omitted)).

## A.      Scope of Hostile Work Environment Claim

As an initial matter, not all of Plaintiff's sundry factual assertions are to be considered in

assessing his hostile work environment claim. A charge of hostile work environment harassment

is different in its "very nature" from claims of discriminatory discrete acts, and cannot be said to

occur on any particular day. *National R.R. Passenger Corp. v. Morgan*, 536 U.S.101, 115

(2002). "On the other hand, instances of discrete acts of discrimination such as termination,

failure to promote, and failure to hire, are clearly discriminatory the moment they occur," and

"each individual event starts the statute of limitations anew for a particular claim of

discrimination." *Petway v. Doyle Printing & Offset Co., Inc.*, Civ. No. 12–3731 PJM, 2013 WL

4454633, at *4 (D. Md. Aug. 15, 2013) (citation to *Morgan* omitted). Due to that inherent

difference in nature, Plaintiff's unexhausted or untimely alleged discrete acts of discrimination

are not considered when assessing her hostile work environment claim. *Morgan*, 536 U.S. at 113

("discrete discriminatory acts are not actionable if time barred, even when they are related to acts

alleged in a timely filed charge"); *Petway*, 2013 WL 4454633 at *4; *Noshafagh v. Leggett*, Civ.

No. DKC 11–3038, 2013 WL 93345, at *8 (D. Md. Jan. 7, 2013); *Hall v. Bausch & Lomb, Inc.*, Civ. No. DKC 10–0215, 2012 WL 3536755, at *8 (D. Md. Aug. 13, 2012) (distinguishing discrete acts from incidents that comprise a hostile work environment claim, and holding that the former are precluded from being considered in that claim); *see Chacko*, 429 F.3d at 511, n.2 ("discrete acts of discrimination, failure to promote and retaliatory demotion, ... are clearly not allegations of a hostile work environment").

As support for his hostile work environment claim, Plaintiff again raises the "derogatory comments" about his age that were previously discussed and shown to be untimely and not derogatory. *See* ECF-1 at ¶¶ 93-94. Plaintiff also alleges that he "was shut out of meetings, [his supervisor] assigned [him] to work menial tasks far below his grade level, . . . [his supervisor] refused to provide supervisor concurrence on Plaintiff's application, [his supervisor] denigrated Plaintiff to Plaintiff's coworkers, cornered Plaintiff into meetings refusing to allow him a witness and denied Plaintiff a promotion." *Id.* at ¶ 96.

As discussed below, these allegations fall far short of establishing a hostile work environment.

**B.      Plaintiff Has Not Established That the Alleged Conduct Was Based Upon Discrimination Toward His Age**

Next, as stated above, to make out a *prima facie* case of a discriminatory hostile work environment, Plaintiff must show that the harassment was based on his age. A plaintiff's mere speculation that conduct was motivated by such discriminatory animus does not suffice to prove that he suffered unwelcome conduct due to those classes. *Alexander*, 2012 WL 78874, at *5 (citing, *inter alia*, *Evans*, 80 F.3d at 959). Indeed, where the interactions did not involve discriminatory epithets, any assertion that impermissible factors drove the unwelcome conduct

will likely fail. *Id.* While indirect evidence may be utilized, it must consist of specific evidence and accounts, not mere general statements, that demonstrate differential treatment based on the protected class(es). *Cepada v. Board of Educ. of Baltimore County*, -- F. Supp. 2d --, 2013 WL 5368132, at *5 (D. Md. Sept. 23, 2013) (citing *Gilliam v. S.C. Dep't of Juvenile Justice*, 474 F.3d 134, 142 (4th Cir. 2007).

Plaintiff has shown no connection to the alleged ageist comments made by Mr. Fabricant in March 2011, to the alleged assignment of tasks, the chastising, or any of the other allegations. Plaintiff did not seek EEO counseling within 45 days of the alleged ageist remarks and therefore they should not be considered. Plaintiff's general assertions that he has treated differently than other employees by working outside of his position do not suffice to carry his burden. Plaintiff has provided no evidence that he was treated differently *because of* his age, and the facts actually establish that the same alleged discriminator later hired someone 11 years older than Plaintiff. *Cf. Proud v. Stone*, 945 F.2d 796 (4th Cir. 1991) (finding strong presumption that discrimination was not involved if the same actor engages in alleged discriminatory activity in a short time span after alleged nondiscriminatory activity).

## C.     The Conduct of Which Plaintiff Complains Was Not Severe and Pervasive

Further, to establish a hostile work environment, a plaintiff must not only perceive the environment to be hostile or abusive, the environment must be one that a reasonable person in the plaintiff's position would objectively find hostile or abusive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). The objective test requires examination of the frequency of the alleged discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Conner v. Schrader–Bridgport Int'l, Inc.*, 227 F.3d 179, 193 (4th Cir. 2000) (citing

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993); *Middlebrooks v. Winter*, Civ. No. WGC–05–3209, 2008 WL 8116107, at *30 (D. Md. Mar. 19, 2008). The standard is demanding, designed to filter out claims regarding ordinary tribulations of the workplace and to prevent transforming Title VII into a civility code. *Faragher*, 524 U.S. at 788.

The Age Discrimination in Employment Act does not provide a remedy for every alleged instance of verbal or physical harassment in the workplace. *See, e.g., Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 183 (4th Cir. 1998) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998)). Although unpleasant to be sure, "[o]ccasional acts of frustration or anger, such as snatching papers from an employee's hands, pointing, or banging on a table are, at least to some extent, part of the ordinary tribulations of many workplaces." *Linton v. Johns Hopkins Univ. Applied Physics Laboratory*, Civil No. JKB–10–276, 2011 WL 4549177, at *13 (D. Md. Sept. 28, 2011). Allegations like Plaintiff's are insufficient to establish a hostile work environment. *Id.*; *see also Middlebrooks*, 2008 WL 8116107, at *30-35 (series of negative interactions, including one where door was slammed in employee's face, were not sufficient to constitute hostile work environment); *White v. Friendship Federal Credit Union*, No. JFM 99–1491, 2000 WL 433514, at *1-3 (allegation that among other actions, supervisor lost temper in a performance meeting, screaming, cursing, and pushing standing employee back into chair did not constitute hostile work environment).

In addition, Plaintiff's allegations span over a course of several months, and this type of infrequency does not support a claim of a hostile work environment. *See, e.g., Buchhagen v. ICF Intern., Inc.* 2013 WL 5879106 (4th Cir. Nov. 4, 2013) (Plaintiff's claim that her supervisor "created a hostile environment over the course of nine months by, inter alia, 'mockingly' yelling at Buchhagen in one meeting, . . . yelling and pounding her hands on her desk during another

meeting. . . 'repeatedly harp[ing]' on a mistake made by Buchhagen in October 2009, . . . making 'snide comments' to Buchhagen, . . . playing favorites with employees and pitting employees against each other, and unfairly scrutinizing and criticizing Buchhagen's use of leave and compliance with . . .[her supervisor's] directives" amounted to conduct that "falls far short of being severe or pervasive enough to establish an abusive environment."); *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) ("Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard."); *Finnegan v. Dep't of Public Safety And Correctional Servs.*, 184 F.Supp.2d 457, 460, 462 (D. Md. 2002) (holding that three incidents of "verbal abuse," occurring between February and May of the same year, was "infrequent") (citing *Lissau*, 159 F.3d at 183).

Against the standard articulated by the Fourth Circuit in *Buchhagen* and other recent cases, even assuming Plaintiff's allegations to be true, they do not establish that he was subjected to a hostile work environment. Consequently, summary judgment in Defendant's favor on this claim is warranted.

## CONCLUSION

In sum, Plaintiff's Complaint should be dismissed, as he fails to state a claim of age discrimination and retaliation. Further, Plaintiff's claim of hostile work environment fails both because Plaintiff provides no *prima facie* showing of prohibited motivation, and because the incidents of which he complains were not objectively severe and pervasive. As such, the Agency is entitled to summary judgment regarding that claim. For these reasons, judgment in the Defendant's favor is warranted in full.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
Victor M. Lawrence
Special Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
Tele:   410-209-4800

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 13th day of November, 2013, a copy of the foregoing Motion to Dismiss and for Summary Judgment, as well as its accompanying materials, was served via the Court's electronic filing system on all counsel of record.


_____/s/_____
Victor M. Lawrence
Special Assistant United States Attorney