THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH TAYLOR, Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No: 13-cv-1998-PWG |
| | ) | |
| SECRETARY KATHLEEN SEBELIUS | ) | |
| U.S. DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

In Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, Plaintiff posits three arguments as to why his lawsuit should not be dismissed. First, Plaintiff argues that he "pled actions [that] are adverse." *See* ECF-17-1 at 5-9. Second, Plaintiff claims with respect to those actions, "there is a link to age discrimination." *Id.* at 9-12. Finally, Plaintiff argues that there is also "a link to retaliation." *Id.* at 12-14. However, as explained herein, even if the Court were to grant Plaintiff's motion to amend his Complaint, and thereby accept the new facts pled in Plaintiff's proposed amended complaint, Plaintiff's arguments do not withstand scrutiny.[1] Plaintiff still fails to state a claim, and he Court should dismiss this case.

**I.     The Actions Alleged by Plaintiff Do Not Constitute Adverse Actions for Purposes of the Age Discrimination in Employment Act (ADEA).**

---

[1] In a contemporaneous filing, Defendant separately opposes Plaintiff's motion for leave to amend for reasons of futility.

1

In Defendant's Motion to Dismiss, Defendant argued that the majority of Plaintiff's allegations of unfair treatment do not rise to the level of adverse actions under the ADEA. *See* ECF 8-1 at 6-14. First, Defendant argued that Plaintiff's allegations of having to rearrange his teleworking and alternate work schedule did not constitute adverse actions. *Id.* at 8-9. Defendants cited numerous cases in this Circuit to show that such actions are not considered adverse for purposes of the discrimination laws. In his Opposition, Plaintiff conceded that these were *not* adverse actions that "raise a separate claim." *See* ECF-17-1 at 3, n.1. Accordingly, those claims are dismissed.

Next, Defendant argued that Plaintiff's allegations in his complaint regarding assignment of duties did not state a claim because the temporary assignment of duties was not an adverse action. *See* ECF 8-1 at 9-11. Again, Defendant cited numerous cases to support the proposition that temporary assignments that an employee may not prefer do not constitute adverse actions absent a significant detrimental effect. *Id.* Plaintiff attempts to get around this in two ways. First, he embellishes the nature of these temporary job assignments which on one occasion lasted one week, and on another occasion, three months, as "reassignments." *See* ECF-17-1 at 6. Next, he states, "changes in job duties that cause an employee's skills to atrophy and reduce future career prospects" constitute adverse actions. *Id.* Plaintiff simultaneously seeks to amend his Complaint to include an allegation that the temporary assignment of these duties "caused Taylor's skills to atrophy," (*see* Proposed Amended Complaint, ECF-15-2 at ¶ 39), and that the assignments "detrimentally impacted Plaintiff's future career prospects." *Id.* at ¶ 71.

Even if the Court were to grant leave to file the amended complaint over Defendant's futility objection, Plaintiff nevertheless fails to state a claim that Defendant subjected Plaintiff to adverse action based on the temporary duty assignments. Plaintiff makes no allegation that the

duties he considered "unmeaningful," were the *only* duties assigned by his supervisor during these periods. He merely alleged that he was assigned some duties that *he* considered inconsistent with his grade level. *See* ECF-1, Complaint at ¶¶ 35-37 (merely indicating that he was assigned clerical type duties, but not indicating whether they encompassed 1% of his time, 100% of his time, or some fraction in between).

The principal cases cited by Plaintiff stand for the proposition that a *reassignment* may be considered an adverse action under the discrimination laws. *See* ECF-16 at 6 citing *Boone v. Goldin,* 178 F.3d 253 (4th Cir. 1999). "Reassignment" has a specific meaning in federal employment. "Reassignment" is defined in regulations as "a change of an employee, while serving continuously with the same agency, from one position to another without promotion or demotion." *See* 5 C.F.R. § 210.102(b)(12). A reassignment in federal service would be documented on an SF-52 Notice of Personnel Action. *See* http://www.opm.gov/policy-data-oversight/data-analysis-documentation/personnel-documentation/processing-personnel-actions/gppa04.pdf . No SF-52 was created for Plaintiff because there was never a reassignment. Although Defendant stands by Dr. Fabricant's managerial decision directing Plaintiff to take on the one-week and three-month assignments for legitimate purposes, to the extent Plaintiff challenges these assignments, the challenge would be to the *temporary job assignments*, not "reassignments." Defendants provided ample authority in its motion to dismiss to support the proposition that temporary job assignments -- even if clerical in nature -- do not constitute adverse actions. *See* ECF-8-1 at 10-11.

Even if the Court were to give Plaintiff the benefit of the doubt that he spent the majority of his time for the three-month period doing work below his grade level, it defies common sense that his skills would "atrophy" in such a short amount of time. Moreover, with

this new conclusory allegation, Plaintiff failed to identify any particular skills that atrophied as a result of a three-month temporary job assignment, and whether the atrophy of the particular skills caused injury. Plaintiff also provides no information as to *how* his skills allegedly atrophied. Finally, Plaintiff provides no indication of any particular promotions or jobs he may have applied for where his allegedly atrophied skills would diminish his chances.[2] *See, e.g., Solis v. Prince George's County,* 153 F. Supp. 2d 793, 798 (D. Md. 2001) (declining to consider unsworn statements submitted in response to a motion for summary judgment); Fed. R. Civ. P. 56(c)(1) (requiring citation to "particular parts of materials in the record" to demonstrate a genuine issue of material fact). The bare allegation that skills atrophied, without more, does not remedy the fatal flaw in his Complaint for failure to state a claim.

Plaintiff attempts to bolster his argument by citing to an affidavit of one employee who concurs with Taylor's general view that the assignments were below his level. *See* ECF-17-1 at 7-8 (citing to Declaration of Angela Pope). But, this one employee's opinion does not restore Plaintiff's ability to assert a claim -- particularly when the noted employee testified that she did not believe that Dr. Fabricant discriminated against anyone because of age. *Id.* and n.3. Ms. Pope also admitted that Plaintiff's former *supervisor*, Dr. Moore, had previously handled the

---

[2] Presumably, if Taylor applied for other jobs during this period -- which is not alleged in the Complaint -- he would *not* draw attention to the duties he considered below him, or even mention them to his prospective employer. There is also no evidence or allegation that another employer even knew that Mr. Taylor performed the duties that he found unmeaningful. In his Opposition, Plaintiff alleges that "in or about" March 2012, he applied for a position at the Department of Defense. ECF-17-1 at 5. He alleges that he was not chosen for the position because he had been performing clerical duties. His citation to page 81 of the record does not support his allegations and the allegation of the denial of the position at the Department of Defense (which cannot in any way be the responsibility of Defendant HHS) is not found in either his Complaint or Amended Complaint. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (citations omitted) (noting that a plaintiff "is bound by the allegations contained in [her] complaint and cannot, through the use of motion briefs, amend the complaint"); see *also Hill v. Abercrombie & Fitch*, No. 11-00911, 2011 WL 4433573, at *4 n.5 (D. Md. Sept. 20, 2011) (same) (citations omitted).

same duties of which Plaintiff complains. *See* ECF-16-4 at 2. Thus, Plaintiff was asked to perform a duty that his own supervisor had previously done. Plaintiff cannot claim discriminatory treatment for picking up the slack on an assignment after his supervisor previously performed the same function. That his supervisor performed the same function further shows that his employer was not treating Plaintiff disparately because of his age.

Plaintiff then attempts to show that his failure to obtain supervisory concurrence for a potential detail constituted an adverse action. *See* ECF-17-1 at 8-9. According to Plaintiff, his additional *proposed* amendments to his Complaint alleging that the denial of supervisory concurrence caused his "career prospects to be diminished," somehow now make this claim viable. He cites absolutely no authority for this proposition, and it is entirely speculative of Plaintiff to believe he would have received the detail if not for his failure to obtain a written supervisory concurrence. Plaintiff also failed to rebut Defendant's observation in her Motion to Dismiss that he never alleged he was more qualified than the selectee for the detail. *See* ECF-8-1 at 12, n.2. Thus, his Complaint fails to state a claim for the supervisory concurrence issue because the failure to obtain the supervisory concurrence for the detail could only state a claim as an adverse action if Plaintiff could show that he was more qualified than the selectee. Otherwise, there is no showing that Plaintiff was injured and he would lack standing to proceed on this claim.[3]

## II. Plaintiff Fails to Show That There is a Link to Age Discrimination

Notably, Plaintiff concedes that the alleged comments made by Dr. Fabricant concerning age that are highlighted in his Complaint are *not* to be considered direct evidence of

---

[3] Defendant disputes Plaintiff's analysis of whether Plaintiff timely asserted this claim with an EEO Counselor. *See* ECF-17-1 at 8-9. Nevertheless, Defendant maintains that – regardless of the timeliness – Plaintiff fails to state a claim because he cannot show that he was injured by Dr. Fabricant's action in declining to provide written supervisory concurrence.

discrimination.  *See* ECF-17-1 at 9-10.  Thus, rather than attempting to prove direct evidence of discrimination, Plaintiff attempts to show a link to age discrimination by using the burden-shifting scheme of *McDonnell Douglas. Id.* at 10-11.  Plaintiff's "evidence" here is particularly weak.

First, Plaintiff observes that another employee -- 11 or 12 years older than Plaintiff -- also filed a complaint accusing Dr. Fabricant of age discrimination.  *Id.* at 10.  This allegation does not support Plaintiff because he has a burden to prove the *he* was discriminated against; not a separate employee.  Also, there is no evidence as to whether the other complaint -- assuming it exists -- had any merit.  Moreover, the mere accusation of another employee is inadmissible hearsay.   Next, Plaintiff observes that Dr. Fabricant is 9 years younger than Mr. Taylor, and that there are two employees who provide their subjective belief that another Chemist who is closer in age to Dr. Fabricant  (Dr. Corey Hilmas) gets preferential treatment.  *See* ECF-17-1 at 10-11.  Without more, this also has no evidentiary value because it is not a violation of the ADEA for a supervisor to give preferential treatment to an employee so long as such treatment is not based on impermissible discriminatory animus.  *See Rivera v. National Westminster Bank*, 801 F. Supp. 1123, 1133  n.13 (S.D.N.Y.1992) (noting that favoritism based on friendship does not suggest discriminatory animus against a plaintiff); *see also Scaria v. Rubin*, No. 94 Civ. 3333, 1996 U.S. Dist. Lexis 9659, at *32 (S.D.N.Y. July 11, 1996), *aff'd*, 117 F.3d 652 (2d Cir. 1997) (favoritism based on familiarity with personality and performance is a valid reason to promote an individual); *Foster v. Dalton*, 71 F.3d 52, 56 (1st Cir. 1995) ( "Title VII does not outlaw cronyism"); *Clifford v. Barnhart*, 449 F.3d 276, 286 (1st Cir. 2006) (facts showing favoritism to certain employees is not necessarily evidence of discriminatory animus toward other employees).

Finally, Plaintiff observes that the younger Chemist, Dr. Hilmas, was assigned to speak at a conference in California while Plaintiff believes he had more relevant experience to be the speaker. *See* ECF-17-1 at 11. Plaintiff describes these facts as constituting a "link to age discrimination," but it is unclear what he is alleging.

What Plaintiff might be saying is that because he suffered adverse actions (although significantly disputed above), and because he is able to point to *one* employee outside of his age class that he believes was treated more favorably, he is able to state a claim upon which relief may be granted. At best -- if the Court accepts Plaintiff's proffer -- these facts merely show that Plaintiff can establish a prima facie case. *See, e.g., O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996) (noting that, to prove a prima facie case, a plaintiff must establish by the preponderance of the evidence that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) employees outside of his protected class were treated more favorably under similar circumstances giving rise to an inference of discrimination.). Plaintiff offers no evidence to dispute Dr. Fabricant's legitimate nondiscriminatory reasons for assigning Dr. Hilmas some of the assignments that Plaintiff would have preferred for himself. Namely, as Plaintiff is well aware, Dr. Fabricant testified that Dr. Hilmas was acting in a detail role, performing the duties that used to be performed by Dr. Moore (Plaintiff's former supervisor), that Dr. Hilmas worked well with the office that received comments, and that Dr. Hilmas had proven to be efficient in that role. *See* ECF-8-4 at pp. 10-11. Plaintiff offers nothing in return and has made no effort to show that Defendant's reasons for any perceived favored treatment are pretextual. Accordingly, Plaintiff fails to show the "link" to age discrimination that he described.

**III.     There is No Link to Retaliation**

Plaintiff's attempt to show a case of retaliation is equally unpersuasive. Plaintiff alleges that Dr. Fabricant was contacted by an EEO Counselor about Plaintiff's complaint of discrimination on November 17, 2011. *See* ECF-17-1 at 13. Eleven days later, Dr. Fabricant assigned Dr. Hilmas to handle an assignment instead of Mr. Taylor. *Id.* Then, when Plaintiff filed a formal complaint of discrimination on December 14, 2011, 41 days later, Dr. Fabricant sent an email to the team showing a mistake Taylor had made on an assignment. *Id.* Then, on January 27, 2012, Dr. Fabricant announced his selection of an *older* applicant for an Acting Team Leader position. *Id.* Finally, from February 24-29, Plaintiff was assigned a job that he believed to be outside of his duties. *Id.*

These facts do not show a "link to retaliation" as alleged by Plaintiff. To the contrary, Plaintiff further proves that he is unable to establish a prima facie case of retaliation. To bring a retaliation claim for failure to promote, Plaintiff must show that (1) he engaged in protected activity, (2) he suffered an adverse employment action at the hands of his employer; and (3) his employer took the adverse action because of the protected activity. *See, e.g., Bryant v. Aiken Regional Medical Centers Inc.,* 333 F.3d 536, 543 (4th Cir. 2003). Here, Plaintiff can establish that he sought EEO counseling on October 31, 2011, satisfying the first prong of the *prima facie* case. Plaintiff fails to satisfy the other two prongs of the *prima facie* case.

First, as explained in Defendant's initial motion -- and uncontroverted by Plaintiff -- the denial of a temporary assignment such as an "acting position" does not constitute an adverse action. *See, e.g., Bruder v. Chu*, -- F. Supp. 2d --, 2013 WL 3722334 (D.D.C. July 17, 2013) ("Temporary designations do not constitute one of the 'terms, conditions, or privileges of employment' for an adverse action.") (*citing Stewart v. Evans*, 275 F.3d 1126, 1135 (D.C. Cir. 2002) (a temporary designation is not a term, condition, or privilege contemplated by Title VII,

and denial or delay of such a designation cannot be a cognizable harm under Title VII). As the court in *Bruder* held, "Therefore, denial of an acting position -- without showing some further harm -- does not by itself qualify as an adverse employment action." *Bruder* at *6 (additional citations omitted).

Second, even if the Court found the denial of an acting team leader position to be an adverse action, there is absolutely no causal connection to show that the denial of the acting position was *because of* the Plaintiff's engaging in protected EEO activity. While Plaintiff believes he was generally discriminated against because of his age, it defies credulity that his supervisor -- who allegedly held a discriminatory animus on the basis of age -- would then retaliate against Plaintiff by selecting an employee who was more than ten years *older* than Plaintiff. Plaintiff also failed to show that Defendant's legitimate, nondiscriminatory reasons for selecting Dr. Gudi were pretextual. As Defendant pointed out in its original motion, Dr. Gudi was selected on the basis of her pharmacology/toxicology experience and her management experience which were far superior to Plaintiff's experience in these areas. *See* ECF-8 at 16, n.5. Plaintiff failed to rebut this fact.

The additional claims by Plaintiff (i.e., that he was retaliated against because Dr. Hilmas was chosen to handle a particular work assignment instead of him, that Dr. Fabricant embarrassed him by showing the team a mistake he had made to the team, and the temporary assignment involving data files) also do not meet the prima facie case for retaliation because none of these amount to adverse actions. First, as noted above, Plaintiff offers absolutely no rebuttal to Dr. Fabricant's legitimate, nondiscriminatory reason for choosing Dr. Hilmas for the assignment involving Pyridoxal-5-Phosphate. So, even if Plaintiff could show that Dr. Fabricant's selection of Dr. Hilmas for this assignment was an adverse action, he cannot rebut

the Agency's legitimate, nondiscriminatory reasons for the action.

In his Opposition, Plaintiff claims that he suffered adverse action because Dr. Fabricant "embarrassed him" by showing the Team a mistake he had made. *See* ECF-17-1 at 13. There is no allegation that Dr. Fabricant engaged in a malicious attempt to embarrass Plaintiff, or that Dr. Fabricant did not engage in such actions against others. Plaintiff's claim here is that he suffered some sort of emotional injury as a result of Dr. Fabricant's statements to the Team. Plaintiff fails to state a claim that this "embarrassment" constitutes an adverse action. *Cf. Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (Allegations of emotional harm are insufficient to satisfy the injury-in-fact requirement unless such injury stems from the infringement of a legally protected interest).

Finally, Plaintiff claims that the one-week assignment of data mining files -- which occurred over three months *after* Dr. Fabricant was informed of Plaintiff's EEO activity was prohibited retaliation. Plaintiff offers no evidence that another employee was available to do this activity or that he was unfairly singled out. Thus, Plaintiff fails to establish essential facts to establish that this temporary job assignment constituted prohibited retaliation under Title VII.

**IV.  Plaintiff Failed to Respond to Defendant's Motion for Summary Judgment on the Hostile Work Environment Claim**

In Defendant's motion to dismiss, Defendant provided six pages of argument to show why the Court should grant summary judgment to Defendant with respect to Plaintiff's claims of hostile work environment. *See* ECF-8-1 at 16-21. Plaintiff responds to Defendant's six-page argument in a footnote. *See* ECF-17-1 at 6, n.2. There, Plaintiff simply re-states the prima facie case for a hostile work environment, and notes that Defendant challenged whether the harassment was sufficiently pervasive or severe. *Id.* Plaintiff rests his entire defense of the

hostile work environment theory on one sentence in which he alleges -- without any support whatsoever -- that "Plaintiff easily meets this test." *Id.*

Plaintiff's summary conclusion without any evidence or authority should be disregarded. The hostile work environment claim should be considered abandoned, and dismissed for failure to state a claim. *See Adams v. Calvert County Public Schools*, 201 F. Supp. 2d 516, 519 (D. Md. 2002) (Chasanow, J.) (granting defendant summary judgment in discrimination case where plaintiff did "not advance any argument in his opposition to Defendant's motion for summary judgment in support of his race discrimination claim"); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1246-47 (D. Md. 1997) (Davis, J.) (finding that discrimination plaintiff abandoned her harassment claim "because in her response brief [plaintiff] did not specifically address [defendant's] harassment argument.").

### V. Plaintiff Makes No Argument That Discovery is Necessary to Respond to Defendant's Dispositive Motion

As an attachment to his Opposition, Plaintiff included an "Attorney's Affidavit as Per Rule 56." *See* ECF-16-9. In the Affidavit, Plaintiff's attorney informs the court of the discovery he would "seek in this case, *should the Court deny Defendant's Motion to Dismiss…*" *Id.* at ¶ 1. Over the course of several pages, Plaintiff's attorney details all the discovery he would seek to try to prove Plaintiff's claims. Plaintiff references the affidavit in his Opposition (*see* ECF-17-1 at 9), but makes no argument that any of the requested discovery is essential for purposes of responding to Defendant's arguments, or in order to defeat summary judgment.

Plaintiff misapprehends the purpose of an affidavit pursuant to Fed. R. Civ. P. 56(d). The purpose of a Rule 56(d) affidavit is not to show all the discovery Plaintiff may seek if he is successful in persuading the Court to deny Defendant's motion. "To the contrary, the basic purpose of Rule 56(d) motions and affidavits is to show that a party needs an opportunity to

11

obtain admissible evidence in order to lodge an effective opposition to a motion for summary judgment." *See, e.g., Sanchez v. Lasership, Inc.*, 2012 WL 3730636 (E.D. Va. 2012); *see also Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) ("The non-moving party bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the [summary judgment] motion.."). Plaintiff makes no argument that any of the discovery he would seek if the Court denies Defendant's motion to dismiss is discovery that is necessary for purposes of "present[ing] facts essential to justify its opposition" to summary judgment. *See* Fed. R. Civ. P. 56(d). Thus, the Court should ignore Plaintiff's "Attorney's Affidavit as Per Rule 56" because it provides no basis for allowing discovery to proceed at this time, and demonstrates no facts that would be elicited in discovery that Plaintiff deems essential to oppose Defendant's motion.

## CONCLUSION

In sum, Plaintiff's Complaint should be dismissed, as he fails to state a claim of age discrimination and retaliation. Plaintiff has not submitted a proper affidavit pursuant to Fed. R. Civ. P. 56(d), and the Court should not allow any discovery. Finally, Plaintiff's attempt to seek leave to amend his Complaint would be futile, as even with all facts added, he still fails to state a claim upon which relief can be granted. For these reasons, judgment in the Defendant's favor is warranted in full.

    Respectfully submitted,

    Rod J. Rosenstein
    United States Attorney

_____/s/_____
Victor M. Lawrence
Special Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
Tele: 410-209-4800

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January, 2014, a copy of the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and for Summary Judgment, as well as its accompanying materials, was served via the Court's electronic filing system on all counsel of record.

/s/
Victor M. Lawrence
Special Assistant United States Attorney