THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH TAYLOR, Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No: 13-cv-1998-PWG |
| | ) | |
| SECRETARY KATHLEEN SEBELIUS | ) | |
| U.S. DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant opposes Plaintiff's Motion for Leave to File an Amended Complaint on the basis of futility. Plaintiff contends that his proposed amendments are not futile "because Plaintiff adds factual allegations that materially respond to Defendant's motion" to dismiss. *See* ECF-15 at 2. However, close examination of Plaintiff's proposed amendments juxtaposed with the arguments in Defendant's motion to dismiss reveal that the proposed amendments do not cure the fallacies in Plaintiff's Complaint. The proposed amended complaint continues to fail to state claims upon which relief may be granted. The motion for leave to amend should be denied.

**I.     Plaintiff's Proposed Amendments**

There are essentially five newly proposed amendments that Plaintiff seeks to add to his Complaint. First, Plaintiff seeks to add a new proposed Paragraph 33 alleging that from July 20, 2011 to October 31, 2011, "Dr. Fabricant purposely scheduled weekly team meetings on a day he knew Dr. Taylor would be unable to attend because it was Dr. Taylor's telework day." ECF-15-2 at 4. Second, Plaintiff seeks to add a new proposed Paragraph 39 alleging that duties assigned to Plaintiff from August 2011 to October 2011 were "inconsistent with his GS-14 position but

1

rather consistent with a clerical employee of a grade 9/11 [and this] caused Taylor's skills to atrophy." *Id.* at 5. Third, Plaintiff seeks to add a new proposed Paragraph 47 alleging that the failure of Dr. Fabricant to provide supervisory concurrence for a detail (in August 2011) caused "Dr. Taylor not to obtain a prestigious detail." *Id.* at 6. Fourth, Plaintiff seeks to add several paragraphs (proposed paragraphs 48-54) that allege Dr. Corey Hilmas was favored to provide a presentation to a group of chemists in California in October 2011 and to handle a prestigious work assignment in November 2011, both of which Plaintiff believes should have been handled by Plaintiff. *Id.* at 6-7. Finally, Plaintiff seeks to insert four identical paragraphs (*See id.* at ¶¶ 71, 90, 101, and 120) that the sum of the allegations made in the Complaint "detrimentally impacted Plaintiff's future career prospects."

## II. Plaintiff's Motion for Leave to Amend Should be Denied as Futile

While leave to amend a pleading is freely given when justice requires, see Fed. R. Civ. P. 15(a)(2), courts may deny an amendment where the granting of such "would be futile." *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Although Plaintiff alleges that the proposed new allegations "materially respond to Defendant's motion" to dismiss, Plaintiff provides no explanation or argument to support this theory. ECF-15 at 2. In fact, the new allegations fail to materially respond to any of the reasons as to why Plaintiff's Complaint fails to state a claim. For the reasons explained below, Plaintiff's proposed amendments would be futile.

First, it is important to separate whether the newly proposed allegations are intended to support Plaintiff's age discrimination claim or his retaliation claim. In his Opposition to Defendant's motion to dismiss, Plaintiff identifies the date of November 17, 2011 as the date when Dr. Fabricant first learned of Plaintiff's EEO activity. ECF-16 at 13. Accordingly,

allegations occurring prior to November 17, 2011, relate only to Plaintiff's claim of age discrimination.

Plaintiff's proposed Paragraph 33, alleging that Dr. Fabricant intentionally scheduled meetings during times when Plaintiff was scheduled to telework is a claim that Plaintiff alleges occurred prior to November 17, 2011, and thus goes to the issue of age discrimination. This amendment should be denied as futile because Plaintiff conceded -- in his Opposition to Defendant's Motion to Dismiss -- that this issue is merely provided as "background to the case," and "Plaintiff concedes this is not an adverse employment action."

Next, with respect to proposed Paragraph 39, Plaintiff seeks to add allegations that the three-month temporary job assignment given to Plaintiff from August 2011 to October 2011 was of a clerical nature, causing Taylor's skills to atrophy, and, as a result, this constituted age discrimination. Plaintiff presumably added the allegation regarding his skill atrophy in response to Defendant's argument in her motion to dismiss that Plaintiff failed to identify any "detrimiental effect" that this temporary job assignment had on Plaintiff, and thus it could not be considered an adverse action. *See* ECF-8 at 10-11. Defendant rebutted any inference caused by this proposed change in her Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss:

> Even if the Court were to grant leave to file the amended complaint over Defendant's futility objection, Plaintiff nevertheless fails to state a claim that Defendant subjected Plaintiff to adverse action based on the temporary duty assignments. Plaintiff makes no allegation that the duties he considered "unmeaningful," were the *only* duties assigned by his supervisor during these periods. He merely alleged that he was assigned some duties that *he* considered inconsistent with his grade level. *See* ECF-1, Complaint at ¶¶ 35-37 (merely indicating that he was assigned clerical type duties, but not indicating whether they encompassed 1% of his time, 100% of his time, or some fraction in between).
>
> The principal cases cited by Plaintiff stand for the proposition that a *reassignment* may be considered an adverse action under the discrimination laws. *See* ECF-16 at 6 citing *Boone v. Goldin,* 178 F.3d 253 (4th Cir. 1999). "Reassignment" has a

3

> specific meaning in federal employment. "Reassignment" is defined in regulations as "a change of an employee, while serving continuously with the same agency, from one position to another without promotion or demotion." *See* 5 C.F.R. § 210.102(b)(12). A reassignment in federal service would be documented on an SF-52 Notice of Personnel Action. *See* http://www.opm.gov/policy-data-oversight/data-analysis-documentation/personnel-documentation/processing-personnel-actions/gppa04.pdf . No SF-52 was created for Plaintiff because there was never a reassignment. Although Defendant stands by Dr. Fabricant's managerial decision directing Plaintiff to take on the one-week and three-month assignments for legitimate purposes, to the extent Plaintiff challenges these assignments, the challenge would be to the *temporary job assignments*, not "reassignments". Defendants provided ample authority in its motion to dismiss to support the proposition that temporary job assignments -- even if clerical in nature -- do not constitute adverse actions. *See* ECF-8-1 at 10-11 and cases cited therein.
>
> Even if the Court were to give Plaintiff the benefit of the doubt that he spent the majority of his time for the three-month period doing work below his grade level, it defies common sense that his skills would "atrophy" in such a short amount of time. Moreover, with this new conclusory allegation, Plaintiff failed to identify any particular skills that atrophied as a result of a three-month temporary job assignment, and whether the atrophy of the particular skills caused injury. Plaintiff also provides no information as to *how* his skills allegedly atrophied. Finally, Plaintiff provides no indication of any particular promotions or jobs he may have applied for where his allegedly atrophied skills would diminish his chances. The bare allegation that skills atrophied, without more, does not remedy the fatal flaw in his Complaint for failure to state a claim.

*See* Reply at pp. 2-4. Accordingly, the proposed amendment of Paragraph 35 would be futile.

The next newly proposed allegation is in proposed Paragraph 47, seeking to add the allegation that Dr. Fabricant's failure to provide supervisory concurrence *caused Taylor* to lose out on a prestigious detail. Defendant rebutted this argument in her Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss:

> According to Plaintiff, his additional *proposed* amendments to his Complaint alleging that the denial of supervisory concurrence caused his "career prospects to be diminished," somehow now make this claim viable. He cites absolutely no authority for this proposition, and it is entirely speculative of Plaintiff to believe he would have received the detail if not for his failure to obtain a written supervisory concurrence. Plaintiff also failed to rebut Defendant's observation in its Motion to Dismiss that he never alleged he was more qualified than the selectee for the detail. *See* ECF-8-1 at 12, n.2. Thus, his Complaint fails to state

> a claim for the supervisory concurrence issue because the failure to obtain the supervisory concurrence for the detail could only state a claim as an adverse action if Plaintiff could show that he was more qualified than the selectee. Otherwise, there is no showing that Plaintiff was injured and he would lack standing to proceed on this claim.

*See* Defendant's Reply at 5; *see also infra* pp. 5-6 (Providing case law that requires factual allegations to raise a right to relief above the speculative level). Accordingly, the proposed amendment should be denied as speculative.

Next, Plaintiff seeks to add several paragraphs (¶¶ 48-54) showing that Dr. Hilmas was favored for some assignments. One of the favored assignments was assigned to Dr. Hilmas prior to Dr. Fabricant's awareness of the protected activity (¶¶48-50), and the other occurred after Dr. Fabricant's awareness of the protected activity (¶¶ 51-54), although Plaintiff provides no clarity as to whether Dr. Fabricant *assigned* the later activity to Dr. Hilmas before or after his awareness of the protected activity. In any event, Plaintiff's new allegations fail to state claims upon which relief can be granted. *See* Defendant's Reply at 6-7 (noting that Title VII does not protect against cronyism, that Plaintiff has failed to show that these assignments were based on age animus, and that even if Plaintiff can establish a prima facie case, he fails to rebut Defendant's legitimate, nondiscriminatory reasons for Dr. Fabricant's selection of Dr. Hilmas for these assignments).

Finally, Plaintiff seeks to avoid dismissal of his Complaint by inserting several allegations that the sum of the claims made in the Complaint "detrimentally impacted Plaintiff's future career prospects." *See* ECF 15-2 at ¶¶ 71, 90, 101, and 120. Although Plaintiff provides no explanations for these insertions, he likely inserted these allegations to respond to Defendant's argument in her Motion to Dismiss that Plaintiff suffered no injury as a result of the

alleged actions. *See* ECF-8 at 12, n.2. However, Plaintiff's mere insertion of a speculative allegation that his "future career prospects" were "detrimentally impacted," without any further explanation does not rebut Defendant's arguments. In his opposition to Defendant's Motion to Dismiss, Plaintiff states that "changes in job duties that cause an employee's skills to atrophy and reduce future career prospects are also adverse employment actions." ECF-17-1 at 6. But the change in job duties has to be a major change, not a *minor* change. *See, e.g., Rester v. Stephens Media, LLC*, -- F.3d. --, 2014 WL 103968 (8th Cir. Jan. 13, 2014) (noting that "minor changes" in job duties are "not enough" to be considered adverse actions). Here, a minor change of job assignment that was temporary in nature (and not a permanent reassignment) does not constitute an adverse action. Defendant provided considerable law in its motion to dismiss to show that these minor and temporary job assignments are not sufficient to be considered adverse actions. *See* ECF-8 at 11.

Plaintiff's attempt to revive his Complaint with speculative assertions that his future career prospects were detrimentally impacted are not sufficient to withstand Defendant's motion to dimiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level…"); *Colon Health Centers of America, LLC v. Hazel*, 733 F.3d 535, 546 (4th Cir. 2013) (same); *Garrison v. Stansberry*, 2009 WL 1160115 (E.D. Va. April 29, 2009) citing *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (finding plaintiff's motion to amend his complaint futile because the harm alleges is speculative); *Maxwell v. Correctional Medical Services, Inc.,* 2013 WL 5272920 at *8 (6th Cir. Sept. 19, 2013) (finding motion to amend futile where the amended complaint merely made speculative and conclusory allegations). Plaintiff's claim that three months of participating in a job assignment

6

caused his skills to atrophy and detrimentally impacted his "future career prospects," without more, is the type of speculative allegation that should render a motion to amend as futile.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion for leave to amend.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
Victor M. Lawrence
Special Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
Tele:   410-209-4800

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January, 2014, a copy of the foregoing Opposition to Plaintiff's Motion for Leave to Amend Complaint was served via the Court's electronic filing system on all counsel of record.

/s/
Victor M. Lawrence
Special Assistant United States Attorney
